UNITED STATES of América,
Plaintiff–Appellee,

v.

Juan David RIVERA–REYES,
Defendant–Appellant.

No. 11–10579.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2014.

Filed Jan. 24, 2014.

Erica Leigh Seger, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Andrea Lynn De Castillo, Andrea L. Matheson–Matheson Law Firm, P.C., Tucson, AZ, for Defendant–Appellant.

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE,* Senior District Judge.

MEMORANDUM **

Juan David Rivera–Reyes appeals his sentence following a plea of guilty to a violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Reviewing de novo, *United States v. Johnson,* 581 F.3d 994, 1001 (9th Cir.2009), we vacate and remand for resentencing.

1. The district court improperly imposed a sixteen-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2 based on Rivera–Reyes's conviction of Nebraska Revised Statutes section 28–319(1)(c), which does not require as an element a four-year age differential.[1] Therefore, for purposes of section 2L1.2, Nebraska Revised Statutes section 28–319(1)(c) does not categorically

---

* The Honorable Raymond J. Dearie, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties agree that Rivera–Reyes was convicted of subsection (c) of Nebraska Revised Statutes section 28–319(1), we need not conduct a modified categorical analysis. *See Descamps v. United States,* — U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

qualify as a forcible sex offense, statutory rape, sexual abuse of a minor, or otherwise as a crime of violence. *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Caceres–Olla,* 738 F.3d 1051, 1056–57 (9th Cir.2013); *United States v. Gomez,* 732 F.3d 971, 989 n. 18 (9th Cir. 2013) ("[T]he generic definition of 'statutory rape' does ... include the element of a four-year age differential."); *Estrada–Espinoza v. Mukasey,* 546 F.3d 1147, 1158 (9th Cir.2008) (en banc). The district court's error was not harmless. *See Gomez,* 732 F.3d at 990.

2. In light of the November 2013 amendment to U.S.S.G. § 3E1.1, and because the government declined to move for a third-level reduction based on Rivera–Reyes's failure to waive his right to appeal, the government concedes that Rivera–Reyes must be resentenced with respect to his acceptance of responsibility.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.